UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 23-60599-CIV-SMITH

VITAL PHARMACEUTICALS, INC., and JHO
INTELLECTUAL PROPERTY HOLDINGS, LLC,

  Plaintiffs,            Bankr. Adv. Pro. No 23-01031 (PDR)

v.

ORANGE BANG, INC., and MONSTER ENERGY
COMPANY,

  Defendants.
_____/

**RESPONSE OF MONSTER ENERGY COMPANY AND ORANGE BANG, INC. TO PLAINTIFFS' EMERGENCY MOTION FOR RECONSIDERATION (DE 13)**

  Monster Energy Company ("Monster") and Orange Bang, Inc. ("Orange Bang" and together with Monster, "Defendants"), respond as follows to *Plaintiffs' Emergency Motion for Reconsideration of Order Granting Defendants' Motion for Entry of an Order Withdrawing Reference and Transferring Venue of Adversary Proceeding to Central District of California* (DE 13) ("Motion to Reconsider"), and respectfully represent as follows:

  1. First and foremost, Defendants acknowledge that chapter 11 debtors, Vital Pharmaceuticals, Inc., and JHO Intellectual Property Holdings, LLC ("Plaintiffs") filed a response to the *Joint Motion of Monster Energy Company and Orange Bang, Inc. for Entry of an Order Pursuant to 28. U.S.C. §§ 157(d) and 1412, and Bankruptcy Rule 5011(a) Withdrawing the Reference and Transferring Venue of Adversary Proceeding to Central District of California* (DE 1) ("Motion to Withdraw and Transfer"). Plaintiffs' response to the Motion to Withdraw and Transfer was timely filed in the Bankruptcy Court and docketed in this action. (DE 2-2.) Likewise,

Defendants' reply was properly docketed. (DE 2-3.) Therefore, Defendants acknowledge that the Plaintiffs have not defaulted in responding to Defendants' Joint Motion to Withdraw and Transfer.

2. Notwithstanding the lack of a default, Defendants' Joint Motion to Withdraw and Transfer should be granted. Here, the Motion to Withdraw and Transfer and the Reply filed in support thereof provides legal and factual support that lead to the sole possible adjudication of the relief requested: the mandatory withdrawal of the reference and the transfer of this case to the United States District Court for the Central District of California.

3. The Motion to Withdraw Reference and Transfer boils down to issues of comity and judicial economy: whether the United States District Court for the Central District of California should interpret its own ruling awarding Defendants $175 million for Plaintiffs' infringement of Defendants' trademarks, among other things and permitting Plaintiffs a license subject to a 5% royalty. For the reasons explained in the Motion to Withdraw Reference and Transfer, Defendants submit the answer to this question is unequivocally, yes.

4. Additionally, the thrust of Plaintiffs' primary opposition to the Motion to Withdraw and Transfer is entirely moot. Specifically, Plaintiffs have repeatedly argued to this Court that the Bankruptcy Court is the only venue that can provide an expedited resolution of the adversary proceeding prior to the bid deadline and ultimate auction of Plaintiffs' assets in the bankruptcy case.[1] The factual developments in the bankruptcy case subsequent to the Plaintiffs' opposition to the Motion to Withdraw and Transfer make clear that this alleged contention has been rendered moot.

---

[1] Defendants have disputed that the Plaintiffs' sale process provides any legal or factual basis to deny the Motion to Withdraw and Transfer. *See* DE 10.

5.      First, Plaintiffs stated that failure to resolve the dispute by the original April 24, 2023 bid deadline would greatly disrupt the sale process.  (DE 9 at 5.)  But this deadline has come and gone, and the sale process has continued unabated.

6.      Second, the current bidding deadline for the sale process is this Monday, May 22, and the auction is this Thursday, May 25.[2]  Given these deadlines, it is readily apparent that expedited resolution of the adversary proceeding is not necessary as, regardless of forum, the qualification of bids and the auction will be completed without a final adjudication of this adversary proceeding.

7.      Finally, as Defendants have previously argued, Plaintiffs have yet to identify a single qualified bidder that has solicited an assignment of the license at issue of this pending adversary proceeding.  For these reasons, all arguments that Plaintiffs advance against the Motion to Withdraw Reference and Transfer based on the timing of the sale process have been mooted.

8.      The careful consideration of the interpretation of the California judgment, which involves substantial and material issues of non-bankruptcy federal trademark law, is best left in the competent hands of the United States District Court for the Central District of California that issued the California Judgment, rather than the Bankruptcy Court.

9.      Attached to this Response as Exhibit "A" is a proposed Amended Order Granting Defendants' Joint Motion to Withdraw and Transfer.

**WHEREFORE**, Monster Energy Company and Orange Bang, Inc. respectfully request that the Court enter an Amended Order that: (i) vacates any default entered against Plaintiffs; (ii) grants the relief requested in the *Joint Motion of Monster Energy Company and Orange Bang, Inc. for Entry of an Order Pursuant to 28. U.S.C. §§ 157(d) and 1412, and Bankruptcy Rule*

---

[2] *See* DE 1283 in *In re Vital Pharmaceuticals, Inc*., Bankruptcy Case No. 22-17842-PDR.

*5011(a) Withdrawing the Reference and Transferring Venue of Adversary Proceeding to Central District of California* (DE 1) based on the substantive merits for the relief requested therein, and (iii) provides for all other relief that is just and proper.

Dated:  May 21, 2023     **AKERMAN LLP**

*/s/ Michael I. Goldberg*
Michael I. Goldberg
Florida Bar No. 886602
Eyal Berger
Florida Bar No. 11069
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301
T: (954) 463-2700 /F: (954) 463-2224
michael.goldberg@akerman.com
eyal.berger@akerman.com

-and-

**PACHULSKI STANG ZIEHL & JONES LLP**[3]
Richard M. Pachulski (pro hac vice)
Ira D. Kharasch (pro hac vice)
Robert J. Feinstein (pro hac vice)
Teddy M. Kapur (pro hac vice)
Steven W. Golden (pro hac vice)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
T: (310) 277-6910 /F: (310) 201-0760
rpachulski@pszjlaw.com
ikharasch@pszjlaw.com
rfeinstein@pszjlaw.com
tkapur@pszjlaw.com
sgolden@pszjlaw.com

*Counsel to Monster Energy Company*

*AND*

---

[3] Michael I. Goldberg hereby certifies that the undersigned attorneys are appearing *pro hac vice* in this matter pursuant to court orders in the main bankruptcy case, and will file separate applications for *pro hac vice* admission under this Court's local rules.  See Orders entered in Bankruptcy Case No. 22-17842-PDR, dated as follows: (i) Teddy M. Kapur, October 14, 2022 [DE 103]; (ii) Robert J. Feinstein, October 17, 2022  [DE 133]; (iii) Steven Golden, October 17, 2022 [DE 134]; (iv) Richard M. Pachulski, October 18, 2022 [DE 158] ; and (v) Ira D. Kharasch, October 18, 2022 [DE 159].

**FENDER, BOLLING AND PAIVA, P.A.**

*/s/ G. Steven Fender*
G. Steven Fender, Esq.
Fla. Bar No. 060992
P.O. Box 1545
Ft. Lauderdale, FL 33302
T: (407) 810-2458
steven.fender@fender-law.com

-and-

**KTBS LAW LLP**[4]
Thomas E. Patterson, Esq. (pro hac vice)
Nir Maoz (pro hac vice)
1801 Century Park East
Twenty Sixth Floor
Los Angeles, CA 90067
T: (310) 407-4000
F: (310) 407-9090
tpatterson@ktbslaw.com
nmaoz@ktbslaw.com

*Counsel to Orange Bang, Inc.*

---

[4] G. Steven Fender hereby certifies that the undersigned attorneys are appearing *pro hac vice* in this matter pursuant to court orders in the main bankruptcy case, and will file separate applications for *pro hac vice* admission under this Court's local rules.  See Orders entered in Bankruptcy Case No. 22-17842-PDR, dated as follows: (i) Thomas E. Patterson, November 8, 2022 [DE 269]; (ii) Nir Maoz, November 8, 2022 [DE 270].